Donald E. Hickok and Helen A. Hickok v. Commissioner.
Hickok v. Commissioner
Docket No. 128-64.
United States Tax Court
T.C. Memo 1965-204; 1965 Tax Ct. Memo LEXIS 126; 24 T.C.M. (CCH) 1073; T.C.M. (RIA) 65204; July 26, 1965
*126 Donald E. Hickok and Helen A. Hickok, pro se, 4800 W. 96th St., Inglewood, Calif. Richard L. Fishman, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a $1,496.68 deficiency in petitioners' 1960 income tax. Petitioners, husband and wife, resided in Hawthorne, California, and they filed their 1960 joint income tax return with the district director of internal revenue in Los Angeles. The parties have filed a stipulation of facts. Apart from the correction of a mathematical error on the return, which is no longer in dispute, the deficiency determined by the Commissioner was based upon the following adjustments in respect of certain deductions claimed by petitioners in their return: Dis-
Claimed
Allowed
allowed
Contributions
$1,136.00
$104.00
$1,032.00
Medical and dental
expenses
1,081.19
0
1,081.19
Auto expense
5,518.40
0
5,518.40
Hotel and meals
260.00
0
260.00 All of the foregoing adjustments were made because of lack of substantiation and are here in dispute. In addition, petitioners, by amended petition, claim deductions in respect of three more items which *127 were not taken in their return, as follows: Casualty loss
$ 168.75
Interest paid
126.00
Telephone expense
2,150.00
1. Contributions. The parties have stipulated that petitioners "have Church Treasurer's receipts for each month of the year 1960, except May, totalling five hundred, five dollars and forty-six cents ($505.46) from the Southern California Conference of Seventh Day Adventists." We are satisfied on the evidence that they also made further charitable contributions during that year. Using our best judgment on the record before us we hereby find as a fact that petitioners made charitable contributions in the aggregate amount of $900 during 1960. Cf. (C.A. 2). They are entitled to a deduction in that amount. 2. Medical and dental expenses. Based on the stipulated facts and evidence before us we find that petitioners incurred and paid medical and dental expenses in the total amount of $763.50 during 1960. We cannot find any support for the larger figure ($1,081.19) claimed by petitioners on their return. 3. Auto expenses. Petitioner was a salesman of church furniture during 1960. He traveled extensively *128 by auto in his work, not only in California, but also in Oregon and Washington, and to some extent in Idaho, Nevada and Arizona. He had no records whatever to support his claimed deduction of $5,518.40 for auto expenses. Relying upon Cohan v. Commissioner, we hereby find as a fact that petitioner incurred and paid deductible auto expenses in the aggregate amount of $2,400 during 1960. 4. Hotel and meals. The deduction of $260 for hotel and meals claimed by petitioner seems entirely reasonable to us. Although petitioner produced no records as to this item, the amount claimed appears to be modest when considered in the light of petitioner's business travel. We hold that the Commissioner erred in disallowing this deduction. 5. Casualty loss. Petitioner's automobile was in an accident on February 7, 1960, and was damaged to the extent of $168.75. He obtained judgment in Small Claims Court in the amount of $150 for this accident. However, he was never able to obtain collection on this judgment during 1960 or thereafter. The judgment was still and still is uncollectible. We hold that petitioner is entitled to the $168.75 casualty loss deduction claimed in the amended petition. 6. *129 Interest paid. The amended petition seeks an interest deduction in the amount of $126. Although the burden of proof was upon petitioners and although the evidence presented was loose, we are nevertheless reasonably satisfied that petitioners borrowed various amounts of money during 1960 and paid interest thereon in the aggregate of not less than the $126 which they seek to deduct. We hold that they are entitled to this deduction. 7. Telephone expense. In his work as a salesman of church furniture, petitioner incurred substantial telephone expenses, mostly on long distance calls to various churches or church officials. The evidence in respect of this item, however, left much to be desired, not only because phone bills were presented only as to some of the months of 1960, but also because the bills in fact shown in the stipulation of facts did not reflect any breakdown between personal and business calls. Doing the best we can with the materials before us, and bearing in mind the admonition of , we hereby find as a fact that petitioner incurred and paid deductible phone expense in the aggregate amount of $1,500. Decision will be entered *130 under Rule 50.